UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AMANDA LEIGH WIEMAN,<br><br>Defendant. | 4:19-CR-40003-06-KES<br><br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Amanda Leigh Wieman, makes a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 311. Plaintiff, the United States of America, opposes the motion. Docket 327. For the following reasons, the court denies Wieman's motion for compassionate release.

## BACKGROUND

The background of Wieman's case was set forth in the court's order dated September 11, 2020. Docket 296. To summarize, Wieman was sentenced to 120 months in custody and five years of supervised release for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 231; Docket 242 at 2-3. The court later reduced Wieman's sentence to 60 months. Docket 301 at 2. Wieman has an anticipated release date of October 29, 2023. Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Feb. 8, 2021). She is currently 33 years old. *Id.*

Wieman is incarcerated at Federal Correctional Institution Pekin (FCI Pekin), a medium-security correctional institution in Pekin, Illinois. *Id.* Her

chronic medical conditions include obesity, asthma,[1] hypothyroidism, several mental health conditions including major depressive disorder, endometriosis, and several others. Docket 326 at 13, 56-57. Wieman takes medication to treat these conditions. *Id.* at 13-14. As of October 15, 2020, Wieman weighed 282 pounds and is 70 inches tall. *Id.* at 12; Docket 284 at 116, 148. Based on her height and weight, her body mass index (BMI) is 40.5, which qualifies as severe obesity. *See Adult BMI Calculator*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi _calculator.html (last visited Feb. 8, 2021).

On December 7, 2020, as part of FCI Pekin's ongoing screening for COVID-19, Wieman tested positive for the virus. Docket 326 at 5, 57. She reported symptoms of cough, shortness of breath, nasal congestion, runny nose, sore throat, fatigue, aches and pains, headache, and persistent pain in the chest. *Id.* at 5, 49-50. She did not have a fever, loss of taste and/or smell. *Id.* at 5, 41. Wieman was placed in quarantine until December 21, 2020 when she was released from isolation. *Id.* at 48. On December 30, 2020, Wieman refused the COVID-19 vaccine offered to her. *Id.* at 62.

On January 11, 2021, Wieman filed a letter with the court to supplement

---

[1] Wieman's asthma is categorized as "Step 2, not controlled." Docket 326 at 11. She is prescribed a steroid inhaler to use twice daily, and an albuterol inhaler for use three times per day. *Id.* Step 2 asthma is considered mild in severity by an expert panel of the National Asthma Education and Prevention Program. *See Asthma Care Quick Reference,* Nat'l Heart, Lung and Blood Inst., https://www.nhlbi.nih.gov/health-topics/all-publications-and-resources/asthma-care-quick-reference-diagnosing-and-managing (last visited Feb. 8, 2021).

her December 7, 2020 motion for compassionate release and seek reconsideration of the order denying her compassionate release. Docket 317. Wieman asserted the COVID-19 outbreak at FCI Pekin, coupled with her contraction of the virus, the effects she was still suffering from COVID-19, and the risk to her health if she were to become reinfected constitute extraordinary and compelling reasons warranting her release. *See id.*

The United States opposes the motion arguing that Wieman did not exhaust administrative remedies by presenting a new request to the warden, the presence of additional COVID-19 cases at FCI Pekin is not a sufficient reason to grant the motion when her medical conditions have not substantially changed, and her contraction of COVID-19 weighs against release. *See generally* Docket 327.

Because the court denies Wieman's request for reconsideration, it need not address the government's administrative exhaustion arguments.

## DISCUSSION

As of February 8, 2021, there are currently four active COVID-19 cases among FCI Pekin's inmates and eight among staff, zero deaths from COVID-19, and 791 inmates have recovered from COVID-19. *See BOP: COVID-19 Update*, Federal Bureau of Prison, https://www.bop.gov/coronavirus/ (last visited Feb. 8, 2021). The total population at FCI Pekin is 1,159 persons. *Id.* https://www.bop.gov/locations/institutions/pek/ (last visited Feb. 8, 2021). The reported information demonstrate the infiltration of the COVID-19 virus at FCI Pekin was widespread, but not disastrous. There were no deaths as a

3

result, and 791 inmates including Wieman have recovered. This persuades the court that FCI Pekin has acted appropriately to treat inmates who do contract COVID-19.

Recently, the Bureau of Prisons implemented a COVID-19 vaccination plan and has begun administering vaccines to inmates and staff. *See BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last visited Feb. 8, 2021). As of February 8, 2021, 39,288 doses have been administered. *Id.* At FCI Pekin, 91 staff and 89 inmates have been fully inoculated. *Id.* On December 30, 2020, Wieman was offered a vaccine, but refused. Docket 326 at 62. This leads the court to believe that her fears of reinfection are overstated.

Moreover, because Wieman has already had COVID-19, there is little reason for her to be released early now. Much is still unknown about COVID-19. Nonetheless, according to the CDC, "[c]ases of reinfection with COVID-19 have been reported, but remain rare." https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (updated Oct. 27, 2020) (last visited Feb. 8, 2021).

There is a growing consensus that "people who have had evidence of a prior infection with SARS-CoV-2, the virus that causes COVID-19, appear to have some degree of protection against being reinfected with the virus." *See SARS-CoV-2 Antibodies Can Protect from Reinfection, NCI Study Suggests*, Nat'l Cancer Inst., https://www.cancer.gov/news-events/cancer-current-blog/2020/coronavirus-antibodies-protect-against-future-infection (dated Dec. 21, 2020) (last visited Jan. 25, 2021); *see also Director's Blog—COVID-19*

4

*Reinfection: Study of Healthcare Workers Shows COVID-19 Immunity Lasts Many Months*, Nat'l Inst. Health, https://directorsblog.nih.gov/tag/covid-19-reinfection/#.~:text=New findings from a study, the study was conducted. (dated Dec. 8, 2020) (last visited Jan. 25, 2021) (discussing study of England healthcare workers suggesting that "acquired immunity from an initial COVID-19 infection offers protection against reinfection for six months or maybe longer.").

The court detailed the governing law and analysis it uses when confronted with a compassionate release motion in its Order dated September 11, 2020. Docket 296. For current purposes, it is sufficient to note that because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). But Congress made changes to the law through the First Step Act (FSA), which permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. *See* Pub. L. No. 115-391 § 603(b)(1), 132 Stat. 5194, 5239 (2018). Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave custody early. 18 U.S.C. § 3582(c)(1)(A)(i). When considering whether to grant a motion for compassionate release the court must consider the 3553(a) sentencing factors and the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

5

The court finds Wieman's current circumstances do not clear the high bar necessary to warrant compassionate release for "extraordinary and compelling" reasons. Furthermore, the court has denied compassionate release under circumstances similar to hers. *See United States v. Brunston*, 4:18-CR-40145-KES, Docket 68 (D.S.D. May 26, 2020) (denying compassionate release after defendant had confirmed case of COVID-19) *United States v. Odie,* 4:17-CR-40016-01-KES, Docket 214 (D.S.D. Jan. 26, 2021) (denying reconsideration of compassionate release for defendant with confirmed case of mild COVID-19); *United States v. Eviglo,* 4:17-CR-40024-KES, Docket 143 (D.S.D. Feb. 8, 2021) (denying motion for reconsideration for defendant with confirmed case of mild COVID-19). In addition, the court's evaluation of the 3553(a) factors has not changed over the intervening months since Wieman's first motion for release was denied.

## CONCLUSION

Wieman has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's second motion for compassionate release (Docket 311) and request for reconsideration of the order denying compassionate release under the First Step Act (Docket 317) are denied.

Dated February 8, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE